**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: **1:24-cv-22990-CMA**

**SAMUEL LEE SMITH JR.,** an individual
    *Plaintiff*

Vs

**MARK H. SLIMAK and**
**PALMETTO BAY POLICE**
**DEPARTMENT,** a political Subdivision
*Defendants*



FILED BY_____D.C.

DEC 26 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

_____/

## RESPONSE IN OPPOSITION TO JOINT MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiff Pro Se, Samuel Lee Smith, Jr., responds to the Defendant's motion to dismiss second amended complaint, and states the following:

1.    The second amended states a cause of action upon which relief can be granted. The second amended complaint clearly spells out the basis the undersigned's claim, such that there is nothing vague or uncertain about it. Simply put, the undersigned, has been harassed, stalked and victimized by Mark H. Slimak, and he has constantly violated my civil rights under the authority to being a law enforcement officer in order to violate my rights without any factual basis or legal justification, and continues to threaten to arrest the undersigned without any cause, no less probable cause.

2.    The second amended complaint specifically alleges the following facts:

> 12.    On December 14, 2023, while Mr. Smith was jogging in Miami Dade County, Florida, **SLIMAK** almost hit him with his police vehicle. **SLIMAK** then became aggressive and yelled at Mr. Smith without any reason or cause.

13. **SLIMAK** exited his vehicle and, without cause, commanded Mr. Smith to stand on the sidewalk. **SLIMAK** threatened to arrest Mr. Smith without any reason to do so. After terrorizing Mr. Smith, **SLIMAK** left the area

14. On December 31, 2021, while Mr. Smith was exiting a store in Miami Dade County, Florida, **SLIMAK** approached Mr. Smith for no reason, and demanded he identify himself. When Mr. Smith asked why he was stopped and would not provide any information until he was told why he was stopped, **SLIMAK** forcefully detained Mr. Smith and placed in him in handcuffs and threatened to place him in jail.

15. At that point, out of fear, Mr. Smith provided **SLIMAK** with his name. **SLIMAK** then would not permit Mr. Smith to leave despite having done nothing wrong.

16. Mr. Smith requested a sergeant to come to the scene, and asked for a case number or incident number but the supervisor stated they do not write case numbers for that, they only write case numbers for crimes, and since he did not commit a crime, there would be no case or incident number.

17. In yet another incident, Mr. Smith was in a car in shopping plaza in Miami Dade County, Florida and **SLIMAK** was nearby. As Mr. Smith was exiting his car, **SLIMAK** started at him in a menacing and threatening manner so as to intimidate Mr. Smith as Mr. Smith entered a store.

18. Mr. Smith has audio and visual recordings of SLIMAK'S harassment and abusive and intimidating behavior that he perpetrated upon Mr. Smith.

19. At no time did **SLIMAK** have any cause, suspicion, or justification to commit such conduct against Mr. Smith.

20. On each and every instance described above, Mr. Smith was in fear of his safety and at times his life.

21. Mr. Smith notified the **Palmetto Bay Police Department Police Department** about SLIMAK's conduct, but the **Palmetto Bay Police Department Police Department** took no action or conducted any investigation into the Mr. Smith's complaint.

12. The above mentioned facts are sufficient for a notice pleading jurisdiction to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

13. Despite the simplicity of the claims and facts that make up the claims, Defendant moved to dismiss the amended complaint for the following reasons:  **(A)** the statements of facts are conclusions, **(B)** SLIMAK is entitled to a qualified immunity; (C) Damages are minimal **(D)** SLIMAK is protected by Florida Statute §768.28(9)(a); (E) Thers is no claim for emotional distress.

14. Addressing Defendant's assertions in order,  the undersigned has pled specific facts and not conclusions both as to SLIMAK's individual conduct and his acting under the authority and approval by the Palmetto Bay Police Department. *See* ¶12-21 of second amended complaint. If proven that SLIMAK missuses his authority as a police officer and engages in a pattern of stalking, harassment and unlawfully seizing the undersigned time and time again, the undersigned is entitled to relief. A law enforcement officer cannot violate the law when it is intentional and with malice and then deny liability because he or she is a laws enforcement officer.

15. As for the municipality, to bring a successful claim under *Monell* the plaintiff must show (1) the violation of a constitutional right (2) by an official act (3) that resulted from a "government policy or custom." Mere allegations that a municipality has a policy or custom that violated a plaintiff's rights are insufficient to hold a municipality liable under §1983, rather it must be proven that the policy or custom not only caused the complained of constitutional violation, but exhibits a "deliberate indifference" to citizens' rights. *Dwares v. City of New York*,

985 F.2d. 94, 100-101 (2d Cir. 1993).

16. Plaintiffs can show a "governmental policy or custom" sufficient to establish municipal liability under *Monell* in one of four ways. Plaintiffs can allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2)actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

*Castanza v. Town of Brookhaven*, 700 F.Supp.2d 277, 287 (E.D.N.Y. 2010); see also *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397 (1997); *Davis v. City of New York*, 75 Fed. Appx. 827 (2d Cir. 2003).

17. Here, the undersigned alleged a 4th and 14th amendment violation of being unlawfully stopped, seized and arrested (as result of having no reasonable suspicion or probable cause), by an official act of a law enforcement officer and that Palmetto Bay did the following specific acts:

   a. The **Palmetto Bay Police Department** Internal Affairs ("IA"), and Police Department supervisors and superiors failed to conduct proper administrative investigations into **SLIMAK**'s actions.
   b. The **Palmetto Bay Police Department Police Department**, IA, and Police Department supervisors and superiors failed to lawfully and/or properly adjudicate the administrative investigations into the complaints against **SLIMAK** both before and after the Smith incident.
   c. The **Palmetto Bay Police Department Police Department** failed to properly investigate and/or discipline **SLIMAK** both before and after the Smith incident.

   d. The **Palmetto Bay Police Department Police Department** failed to dismiss Defendant **SLIMAK** when he conducted an unlawful seizure and use of excessive force against the Mr. Smith.

   e. The **Palmetto Bay Police Department Police Department** and its Police Department's policies and practices governing behavioral intervention are deficient in that they are non-disciplinary.

The undersigned has satisfied the threshold required to state a cause of action for relief, and as such the motion should be denied.

18.   Defendant's second basis for dismissal is not a basis to dismiss but rather an affirmative defense that turns on facts. In other words, the Defendant puts the cart before the horse, and claims immunity before it has established a factual basis the same. Even a law enforcement officer is not entirely immune and is qualified, of which whether the immunity applies is based upon facts. Here it is the Defendant demanding dismissal based upon conclusions and not facts.

Since this claim is a factual defense, the motion should be Denied.

19.   Next, Defendant's assertion that there is no cause of action because the damages are minimal is presumptuous and ignores the reality that the undersigned has been harassed solely because of his skin color. It is also, and offensively, ignores that being harassed, scolded and confronted in public and in front of others is humiliating, demeaning, embarrassing and emasculated the undersigned without any legal justification.   Quite frankly, any unlawful deprivation of one's freedom and liberty compounded with the emotional trauma caused and stigma created under the facts alleged is not only not minimal, but is so significant and justifies punitive damages,

20. Defendant's assertion that Florida Statute §768.28(9)(a) requires dismissal is also a factual defense, not a legal defense. A defense under this section of the statute based upon SLIMAK not acting in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, again outs the cart before the horse. It is baffling that Defendant cannot discern from the allegations contained in the second amended complaint that the undersigned is not asserting that SLIMAK acted in bad faith, with malicious purpose and that he acted in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Defendant may not agree with the undersigned, but that is why we have juries to determine that ultimate conclusion-and not the Defendant.

21. Lastly, the undersigned has alleged the essential elements for a claim of intentional infliction of emotional distress together with facts that support each of the legal elements. As such, any motion to dismiss this claim for failure to state a cause of action should also be denied. 22. Based upon the above, the motion to dismiss and the Defendant should be compelled to file an answer in 10 days.

23. Alternatively, the undersigned would request leave to amend to cure whatever deficiencies that the Court deems exists, and respectfully requests that the Court specify exactly what deficiency exists so that the undersigned can promptly correct it in a second amended complaint. When the time period for filing an amendment of a pleading as of right has expired, Rule 15(a) of the Federal Rules of Civil Procedure requires that amendment may be provided "only by leave of court or by written consent of the adverse party." *Fed.R.Civ.P. 15(a)*. Rule 15(a) states that leave to amend "shall be freely given when justice so requires." *Fed.R.Civ.P. 15(a)*. This Court and the Eleventh Circuit has held that motions for leave to amended complaints should be liberally granted when necessary in the interests of justice. *Fla. Evergreen Foliage v. E.I. Dupont*

*De Nemours & Co.*, 336 F. Supp. 2d 1239, 1251 (S.D. Fla. 2004), aff'd, 470 F.3d 1036 (11th Cir. 2006); *Jennings v. BIC Corp.*, 181 F.3d 1250, 1258 (11th Cir.1999) (stating that "leave to amend should be liberally granted when necessary in the interest of justice" under Fed.R.Civ.P. 15(a)); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir.1996) ("Unless substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."), *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir.1989). Here, the interests of justice requires that the undersigned be permitted to amend his complaint and that he permitted to file the fourth amended complaint attached hereto. Defendant is not prejudiced if leave to amend is permitted, since discovery has not begun no answer has been filed and the case is not set for trial. When this is counterbalanced that if leave is not permitted, the undersigned will lose his day in court without ever considering the merits of his claim.

24. The undersigned would prefer to not file this action against a law enforcement officer, however, when law enforcement continuously harasses, demeans and intimidates the undersigned, without any legal or factual justification, and where the undersigned is a law abiding citizen, he has no other recourse. Perhaps if the courts in this state were to permit these claims of harassment and intimidation see the light of completion through the eyes of a jury, then maybe such strongarm conduct by those certain individual law enforcement officers will end.

WHEREFORE, plaintiff pro se respectfully requests that the Defendants' joint motion be denied, or in the alternative, the undersigned be given leave to amend, and for such other further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____

SAMUEL LEE SMITH, JR.
Plaintiff Pro se
16614 SW 99
Court
Miami, Florida 33157
Telephone Number 305-975-1964
Email gymsam7@gmail.com

## CERTIFICATE OF SERVICE

I HERBEY CERTIFY that a correct copy of the foregoing was served upon Rhea Grossman, Esq. via email to rheagrossman@comcast.net and Erica Zaron, Esq. via email to zaron@miamidade.gov on December 26, 2024.

_____

SAMUEL LEE SMITH, JR.
Plaintiff Pro se